O’Neall J.
delivered the opinion of the Court.
In this case there are four counts in indebitatus assumpsit. The first is for so much money had and received to the use of Lee and wife jointly, and a promise to them accordingly. The second is for money had and received to the use of the wile, *114 dum sola, and a promise to her while sole. The third is for money had and received to the use of the wife, dum sola, and a promise thereon to husband and wife after marriage. The fourth count sets out that the wife was guardian of her infant children; that while she was unmarried, the defendant received so much money for her use as guardian, and promised to pay her the same. The question is, whether these counts are not improperly joined. There can be no doubt that they are. The count and promise to husband and wife on money received to their joint use, is an anomaly. The wife can only be joined when her interest existed before coverture, or when she is the meritorious cause of action, and the promise is to her; or where the right of action is in autre droit, as executrix: 1 Chitty, p. 22: of the same character is the count for money received to the use of the wife, dum sola, and a promise to husband and wife. This, if it bears any legal character, must be regarded as a promise to the husband. These two counts cannot be joined with the count for money received to the use of the wife, dum sola, and a promise to her as such; for they are altogether in a different right. In the second count there would be a right of survivorship to her. The others would abate by the death of the husband. The fourth count is a clear misjoinder; it presenting altogether a distinct right: the money there is the money of the children, and the plaintiffs can have no right to demand it except in the right of their wards. This makes it entirely in autre droit. Such a joinder cannot be allowed; 1 Chitty’s Pleadings, 200. But notwithstanding these objections to the declaration, it is plain, that on the second count the plaintiffs may recover the money received for the wife; andón looking to the bill of particulars, I see it is ascertained to be $83.84 2-3. This sum with the interest upon it, from the demand of payment, the plaintiffs may retain in their verdict, upon amending their record, (which they have leave to do) by striking out the first, third and fourth counts, and conforming their bill of particulars to the amendment to be made, and releasing so much of the verdict as exceeds $'83.84 2-3, and the interest aforesaid. If the plaintiffs will so amend and release, the motion is dismissed, otherwise a new trial is ordered.